**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

JULIE WEAVER and           :
ROGER D. WEAVER,           :
          :
    Plaintiffs,           :
          :
v.           :     CASE NO.: 7:26-CV-00020 (WLS)
          :
ASI HOME INS. CO.,           :
          :
    Defendant.           :
          :

## <u>ORDER</u>

Previously, the Court ordered the Parties to show cause regarding the Court's subject matter jurisdiction over the above-captioned action. (Doc. 3). The Court issues this Order to state its findings regarding the jurisdictional issue.

## I.   <u>RELEVANT BACKGROUND</u>

Plaintiffs Julie and Roger Weaver commenced the above-captioned action by filing a complaint (the "original complaint") in the Superior Court of Lowndes County, Georgia, on September 4, 2025. (Doc. 1-1 at 4–15). The original complaint asserts two claims against their insurer, ASI Home Insurance Company ("ASI"), for damages to their property resulting from Hurricane Helene in September of 2024. Count I asserts a breach of contract claim. (*Id.* at 8–10). Count II asserts a bad faith failure to settle claim under O.C.G.A. § 33-4-6. (*Id.* at 10–14). Plaintiffs explicitly limit their damages to an amount "not to exceed $74,999." (*Id.* at 8). A summons was issued and Plaintiffs moved for the appointment of a special process server on September 4, 2025. (*Id.* at 78–79). The motion was granted by the Superior Court on September 24, 2025. (*Id.* at 80). On October 29, 2025, Plaintiffs filed their first amended complaint (the "amended complaint") in Superior Court, which removed the claim for bad faith. (*Id.* at 81–88). On December 23, 2025, ASI was served with a copy of the original complaint. (*Id.* at 130). ASI removed the case to this Court on January 16, 2026. (Doc. 1).

1

After a preliminary review of ASI's Notice of Removal, the Court ordered the Parties to show cause why the case should not be remanded to the Superior Court. (Doc. 3). Specifically, the Court questioned whether the amount in controversy exceeded the sum of $75,000 in light of the allegations in the amended complaint. The Parties were instructed to show cause, in writing, by February 4, 2026. Defendant timely filed its Response (Doc. 8) by the Court's prescribed deadline. To date, Plaintiffs have not responded to the Court's show cause order. As of the filing of its Response on February 4, 2026, ASI states that it has not been served with a copy of the amended complaint. (Doc. 8 at 3).

## II.    <u>LAW AND ANALYSIS</u>

Federal courts are courts of limited jurisdiction, and as such, they may only hear cases that the Constitution and Congress have authorized them to hear. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally brought in state court may be removed by a defendant to federal court when the action satisfies the constitutional and statutory requirements for original federal jurisdiction. *See* 28 U.S.C. § 1441. "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *see City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

ASI removed the case on the basis of the Court's jurisdiction under 28 U.S.C. § 1332, which requires that the Parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). As the removing party, ASI bears the burden of establishing that these requirements are satisfied. ASI makes two arguments in support of jurisdiction. First, that Plaintiffs' original complaint, and not the amended complaint, was the operative complaint at the time of removal because it was the only complaint served to ASI. (Doc. 8 at 4). Second, the amount in controversy satisfies the threshold required under § 1332 because the original complaint alleges property damages of $59,193.45 and the fifty-percent bad faith penalty of $29,596.73, which totals $88,790.16. (*Id.*) The Court addresses each argument in turn.

### A. Operative Complaint at Time of Removal

The central issue here is whether Plaintiffs' original complaint or the amended complaint was the operative complaint at the time of ASI's removal. Under the federal rules, an amended complaint supersedes the original. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006). But the question presented here is more nuanced: at what point does an amended complaint supersede the original—when it is filed or when it is served. As ASI notes, the Eleventh Circuit acknowledged this question as it relates to federal law in *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F. 2d 1365 (11th Cir. 1982), but ultimately did not decide the issue.[1] Thus, no binding authority establishes the precise point in time at which the amended complaint supersedes the original pleading.

There is another nuanced issue presented here: whether removal is procedurally proper based on an original complaint when an amended complaint is filed, but not served, while the case is still pending in state court. Other district courts grappling with this issue have looked to the rules of the state from where the case was removed to determine whether an amended complaint filed while the case was still in state court, but not properly served, became the operative pleading for removal purposes. *See, e.g., Thompson v. Victoria Fire & Cas. Co.*, 32 F.Supp. 2d 847, 848 (D.S.C. 1999) ("The complaint in effect at the time of removal was the original complaint because the amended complaint, although filed with the state court, had yet to be served on the defendants as required by Rule 5 of the South Carolina Rules of Civil Procedure."); *Belgravia Hartford Cap., Inc. v. Stinson, LLP*, No. 1:25-cv-00119, 2025 WL 2784756, *5 (D.N.M. Sept. 30, 2025) (explaining that, under state supreme court precedent interpreting service statute, an amended complaint will not be deemed operative unless it is "properly filed *and* properly served"); *Momans v. St. John's Nw. Mil. Acad., Inc.*, No. 99 C 8510, 2000 WL 33976543, at *2 (N.D. Ill. Apr. 20, 2000) (concluding that first amended complaint, rather than second amended complaint, was the operative complaint at time of removal because plaintiffs failed to serve second amendment as required by state supreme court rule). Thus, the Court

---

[1] The Eleventh Circuit stated: "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading. Because the district court dismissed the complaint we need not decide at what point an amended complaint supersedes the original complaint: when it is filed, *Hutchins v. Priddy*, 103 F. Supp. 601 (W.D. Mo. 1952), or when it is served, *International Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir. 1977)[.]" *Varnes*, 674 F. 2d at 1370 n.6 (citation modified).

looks to O.C.G.A. § 9-11-5, Georgia's service statute governing pleadings subsequent to the original complaint, to determine which complaint was the operative pleading at the time of ASI's removal.

Georgia law provides that "every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants . . . shall be served upon each of the parties." O.C.G.A. § 9-11-5(a). Unlike the service of process required for an original complaint, "[n]either summons nor personal service is required when serving an amended petition or any pleadings subsequent to the initial complaint or petition." *In Int. of W.R.S.*, 445 S.E.2d 367, 370 (Ga. Ct. App. 1994) (citing O.C.G.A. § 9-11-5(a), (b)). Rather, "[a] party amending a pleading need only certify service of the amendment on the opposite party by mail contemporaneous with the filing of the amendment." *Bonner v. Smith*, 485 S.E. 2d 214, 216 (Ga. Ct. App. 1997); *see Driver v. Nunnallee*, 487 S.E.2d 122, 124 (Ga. Ct. App. 1997) (noting that § 9-11-5 allows for service of pleadings subsequent to the first complaint on a party's attorney); *Vurgess v. State*, 371 S.E.2d 191, 193 (Ga. Ct. App. 1988) ("[Section 9-11-5(b)] requires service on the attorney of pleadings and other papers subsequent to the original complaint."). Based on the Court's review of Georgia caselaw interpreting § 9-11-5, service of an amended complaint is required for the amendment to become the operative pleading.

Further, as other courts have noted, a rule requiring service of amended pleadings is supported by the text of the federal removal statute. The analysis of the Eastern District of New York in *Certain Underwriters at Lloyd's London v. Art Crating, Inc.*, is persuasive on this point. No. 12-CV-5078, 2014 WL 123488 (E.D.N.Y. Jan. 10, 2014). There the court stated:

> Several subsections of that statute rely specifically on the time of service as the operative starting point for removal proceedings. For example, under subsection (a), the removing defendant must file a copy of all pleadings "served upon such defendant," and subsection (b)(2)(A) requires consent from "all defendants who have been properly joined and served." *See* 28 U.S.C. § 1446 . . . .

> If Congress had intended to allow removal based on pleadings not yet served, it would have required in [] § 1446(a) that the defendant append all pleadings "recei[ved] by or serv[ed] on that defendant"—the language Congress used in subsection (b)(2)(B)—rather than the language it chose, which required appending only the pleadings "served upon such defendant." 28 U.S.C. § 1446. Therefore, where case law guides courts to consider the pleadings "at the time

4

when defendant file[d] the notice of removal," *Blockbuster[, Inc., v. Galeno]*, 472 F.3d [53,] 56–57 [(2d Cir. 2006)], that guidance is best understood as referring to the pleadings Congress required be filed with the notice of removal-in other words, those pleadings "served upon such defendant." 28 U.S.C. § 1446(a).

*Id.* at *6–7. And, as the court in *Belgravia* noted, "a rule allowing the amended pleading to supersede the original on filing, would invite gamesmanship" in that plaintiffs "could strategically preclude removal by filing, but not serving, an amendment and waiting in the hopes that the defendant will not discover the amendment within 30 days." 2025 WL 2784756, at *6 (citing first *Goel v. Coal. Am. Holding Co. Inc.*, No. CV 11-2349, 2011 WL 13128299, at *6 (C.D. Cal. May 19, 2011); and then *Noorazar v. BMW of N. Am., LLC*, Case No.: 18-CV-02472 W, 2019 WL 442477, at *2 (S.D. Cal. Feb. 5, 2019)).

Here, Plaintiffs filed the original complaint on September 4, 2025. (Doc. 1-1 at 4–15). Plaintiffs filed the amended complaint on October 29, 2025.[2] (*Id.* at 81–88). The amended complaint did not include a certificate of service or any other certification. On December 23, 2025, ASI was served with a copy of the original complaint. (*Id.* at 130). ASI timely removed the case, based on the original complaint, to this Court on January 16, 2026. (Doc. 1). As of February 4, 2026, ASI had not been served with the amended complaint. (Doc. 8 at 3). Thus, the Court finds that the amended complaint, which was filed but never served on ASI, did not become the operative complaint prior to ASI's removal. Accordingly, and for the reasons discussed above, ASI's removal based on the original complaint was procedurally proper.

## B. Amount in Controversy Requirement

The remaining issue is whether the amount in controversy exceeds $75,000, the threshold for federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The Court's analysis of the amount in controversy requirement focuses on how much is in controversy at the time of removal, not later. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "In a notice of removal, the removing party need only provide 'a plausible allegation that the amount

---

[2] To the extent the argument could be made that service was unnecessary because ASI had actual notice of the amended complaint, by virtue of its filing, that argument is unavailing. Georgia courts have consistently held that actual knowledge of a lawsuit is not a substitute for service of process. *See Cherokee Warehouses, Inc. v. Babb Lumber Co.*, 535 S.E.2d 254, 256 (Ga. Ct. App. 2000) ("[A]ctual knowledge of a pending suit does not obviate the need for valid service of process."); *Williamson v. Basenback*, 680 S.E.2d 577, 578 (Ga. Ct. App. 2009) ("[A]ctual knowledge of the proceedings does not cure defective service.").

in controversy exceeds the jurisdictional threshold.'" *Creswell v. Transp. Risk Sols. Risk Retention Grp.*, No. 1:19-cv-4632, 2020 WL 13526729, at \*2 (N.D. Ga. July 16, 2020) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a))). Having found that removal was properly predicated on the original complaint, the Court looks to that complaint to determine whether the amount in controversy is met.

    1. *Complaint Allegations*

The Court has jurisdiction "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or *readily deducible from them*[.]" *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) (emphasis added). "In cases where the plaintiff has pled a specific amount for damages which is less than $75,000, to remain in federal court the removing defendant must prove to a 'legal certainty' that the amount in controversy is not less than $75,000." *Toney v. United Space All.*, No. 608CV1457ORL22, 2008 WL 11437038, at \*2 (M.D. Fla. Nov. 25, 2008) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994)). This is a heavy burden, given the deference and presumption of truth given to a plaintiff's attorney's assessment of the case's value. *Id.* (citing *Burns*, 31 F.3d at 1095).

As noted above, the original complaint explicitly limits damages to "an amount . . . not to exceed $74,999." (Doc. 1-1 at 8). To satisfy its burden of showing the jurisdictional amount, ASI relies on a demand letter it received from Plaintiffs' attorneys on March 4, 2025. (Doc. 1-1 at 56–57). The letter demands payment of $59,193.45 based on an estimate of damages attached to the letter. (*Id.* at 57). The letter is both referenced in Plaintiffs' complaint and attached thereto as an exhibit. (*See id.* at 12, 56–57). Thus, the letter is part of the pleadings and establishes an amount of $59,193.45 for the loss. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Alternatively, the Court could still consider the demand letter as evidence of the amount in controversy even if it was not attached to Plaintiffs' pleadings. *Pretka*, 608 F.3d at 754. Typically, a settlement offer or demand, alone, may not be determinative of the amount in controversy. *Burns*, 31 F.3d at 1097. However, courts in this circuit weighing pre-suit demands find that a demand is entitled to more weight when it provides "specific information . . . to support the plaintiff's claim for damages" because such information

6

"suggests the plaintiff is 'offering a reasonable assessment of the value of [his] claim[.]'" *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (quoting *Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998)). Here, the letter states that the amount requested is based on an estimate of damages, which was enclosed with the letter. (Doc. 1-1 at 57). This is the type of specific information that shows a reasonable assessment of the claim, and thus, would be properly considered as evidence of Plaintiffs' damages.

>    2. *Bad Faith Penalty*

In the event of bad faith on the part of a defendant insurer, § 33-4-6 provides that "the insurer shall be liable to pay . . . in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer." § 33-4-6(a). Here, Plaintiffs' original complaint, which includes the bad faith claim, alleges specific facts suggesting ASI's bad faith and seeks the full fifty-percent penalty authorized under § 33-4-6. (Doc. 1-1 at 12). Thus, consideration of the bad faith claim in calculating the amount in controversy is proper. *See, e.g., Akin v. Owners Ins. Co.*, No. 4:16-CV-0264, 2017 WL 7805605, at *3 (N.D. Ga. Apr. 28, 2017) (finding amount in controversy exceeded $75,000 when plaintiff sought $59,791.19 in payments under subject policy, plus fifty-percent, or $26,895.59, as bad faith penalties under § 33-4-6); *Thomaier v. Companion Life Ins. Co.*, No. 3:20-CV-39, 2020 WL 7134089, *2 (M.D. Ga. June 29, 2020) (denying motion to remand because recovery under § 33-4-6 was included in the amount of controversy); *see also Tuboku-Metzger v. Nat'l Sec. Fire & Cas. Co.*, No. 5:06CV379, 2007 WL 1576440, at *2 (M.D. Ga. May 30, 2007) (denying motion to remand where plaintiffs sought "the full fifty[-]percent penalty authorized under [] § 33-4-6"); *Est. of Thornton ex. rel. Thornton v. Unum Life Ins. Co. of Am.*, 445 F.Supp. 2d 1379, 1382 (N.D. Ga. 2006) (same). Fifty percent of the liability of ASI for the loss—here $59,193.45—is $29,596.73. Added together, the amount in controversy is at least $88,790.16. Thus, the Court finds that the amount in controversy is satisfied by virtue of the allegations in the original complaint and the inclusion of the fifty-percent bad faith penalty.

## CONCLUSION

In sum, ASI's removal based on the original complaint was procedurally proper, and the amount in controversy, based on that complaint, is met by virtue of the allegations and the bad faith penalty. Accordingly, the Court is satisfied that the requirements of diversity jurisdiction are met.

**SO ORDERED**, this 5th day of May 2026.

/s/ **W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

8