**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

JULIE WEAVER and : 
ROGER D. WEAVER, : 
: 
Plaintiffs, : 
: 
v. : CASE NO.: 7:26-CV-00020 (WLS)
: 
ASI HOME INS. CO., : 
: 
Defendant. : 
: 

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 5), filed on January 23, 2026. For the reasons discussed below, the Motion is **DENIED**.

## I. RELEVANT BACKGROUND

This matter arises from an insurance coverage dispute between Plaintiffs Julie and Roger Weaver ("Plaintiffs") and Defendant ASI Home Insurance Company ("ASI"). ASI issued a homeowner's policy (the "Policy") to Plaintiffs for their property located at 3601 Cattle Crossing, Valdosta, Georgia. (Doc. 1-1 at 81, 89–128). On or about September 26, 2024, during the policy period, Plaintiffs allege their property was damaged as a result of Hurricane Helene. (*Id.* at 83). Plaintiffs further allege that after an investigation, ASI failed to adequately adjust the loss and to compensate Plaintiffs for the entire loss, in breach of the Policy's terms. (*Id.* at 83–84).

Plaintiffs thus filed suit against ASI in the Superior Court of Lowndes County, Georgia, on September 4, 2025, alleging claims for breach of contract and bad faith. (Doc. 1-1 at 4–15). A summons was issued on September 4, 2025, and Plaintiffs moved for the appointment of a special process server that same day. (*Id.* at 78–79). The motion was granted by the Superior Court on September 24, 2025. (*Id.* at 80). On October 29, 2025, Plaintiffs filed their first amended complaint in Superior Court, which removed the claim for bad faith. (*Id.* at 81–88). On December 23, 2025, ASI was served with a copy of the original complaint. (*Id.* at 130).

1

ASI removed the case to this Court on January 16, 2026. (Doc. 1). ASI was not served with the amended complaint prior to removal.

On January 21, 2026, the Court ordered the Parties to show cause regarding whether the requirements of diversity jurisdiction were met. (Doc. 3). After briefing on the issues, the Court concluded that its jurisdiction is proper because (1) ASI's removal based on the original complaint was procedurally proper, and (2) the amount in controversy, based on that complaint, was met by virtue of the allegations and the bad faith penalty. (Doc. 14).

On January 23, 2026, ASI filed the instant Motion to Dismiss (Doc. 5). Plaintiffs filed a Response (Doc. 9) in opposition on February 6, 2026. ASI filed its Reply (Doc. 10) on February 20, 2026. As such, the Motion is fully briefed and ripe for resolution.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). "In evaluating the sufficiency of a plaintiff's pleadings, [the Court] make[s] reasonable inferences in plaintiff's favor, but [the Court is] not required to draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotation marks and citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). The Supreme Court instructs that while on a motion to dismiss "a court

must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555)).

Generally, the Court may not consider materials outside of the pleading and its attached documents without converting the motion to dismiss into a motion for summary judgment. *Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing Fed. R. Civ. P. 12(d)). A limited exception to this rule exists, however, with respect to extrinsic material that is "(1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Jackson v. City of Atlanta*, 97 F.4th 1343, 1350 (11th Cir. 2024). This exception is referred to as the "incorporation by reference" doctrine. *See e.g., Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020) (citing *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018)).

## III.  DISCUSSION

ASI moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the original complaint in its entirety, arguing that (1) pursuant to the Policy, a suit against ASI must be brought within one year after the date of loss; (2) Plaintiffs timely filed their original complaint on September 4, 2025; (3) but Plaintiffs failed to timely serve ASI pursuant to Georgia law; and (4) therefore, Plaintiffs' action is barred by the Policy's one-year suit limitation proviaion. (Doc. 5-1).

A federal court sitting in diversity applies the forum state's choice-of-law rules. *Am. Fam. Life Assurance Co. of Columbus v. U.S. Fire Co.*, 885 F.2d 826, 830 (11th Cir. 1989) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). In Georgia, an insurance policy is governed by the law where the policy was delivered. *Travelers Prop. Cas. Co. of Am. v. Moore*, 763 F.3d 1265, 1271 (11th Cir. 2014) (citation omitted). Suit limitations, like the one at issue here, "are enforceable in Georgia, and an insured's compliance with such a provision is a condition precedent to filing a lawsuit based on the policy." *Willis v. Allstate Ins. Co.*, 779 S.E.2d 744, 746 (Ga. Ct. App. 2015) (citing *Smith v. Allstate Ins. Co.*, 285 S.E.2d 82, 84 (Ga. Ct. App. 1981)).

ASI's sole basis for dismissal is the argument that Plaintiffs' suit is barred by a suit limitation provision contained in the Policy. (Doc. 5-1 at 4–8). The Policy contains the following suit limitation:

**Legal Action Against Us**

No legal action can be brought against us unless there has been full compliance with all of the terms of this policy and the legal action is filed within one year after the date of loss.

(Doc. 1-1 at 37, 110). The loss occurred on September 26, 2024, and Plaintiffs filed their original complaint on September 4, 2025, but did not serve ASI until December 23, 2025. (*Id.* at 130). ASI does not dispute that Plaintiffs' complaint was filed within the one-year limitation period but contends that the date of service—as opposed to the date of filing—is the operative date to determine when a case is commenced. (Doc. 5-1 at 6). ASI's argument, however, conflates the requirements of the policy limitation provision with a statutory limitations service issue. *See Thornton v. Ga. Farm Bureau Mut. Ins. Co.*, 695 S.E.2d 642, 643–44 (Ga. 2010) (noting significant distinction in analyzing policy limitation and statutory limitation periods). The Policy language at issue requires that Plaintiffs' suit be "filed" within one year after the inception of loss or damage. ASI's interpretation would have the Court read in a non-existent, additional requirement that the suit must also be served within one year of the loss. However, no such language appears in the Policy.

The Court can enforce the suit limitation provision only according to the terms of the Policy. *See A+ Restorations, Inc. v. Liberty Mut. Fire Ins. Co.*, 714 F. App'x 923, 925 (11th Cir. 2017) (quoting *Ga. Farm Bureau Mut. Ins. Co. v. Kephart*, 439 S.E.2d 682, 683 (Ga. Ct. App. 1993) ("Like any other contract, an insurance policy must be construed according to its plain language and express terms.")). The Court finds that the Policy's "Legal Action Against Us" provision is unambiguous.[1] Giving the provision its plain and ordinary meaning, the Policy requires that a case be filed within one year of the date of loss. *See, e.g., Giles v. Nationwide Mut.*

---

[1] Even if the relevant language was ambiguous, any ambiguities in the policy language are strictly construed against the insurer. *See, e.g., Flynt v. Life of S. Ins. Co.*, 718 S.E.2d 343, 347 (Ga. Ct. App. 2011); *Ironshore Specialty Ins. Co. v. RPG Hosp., LLC*, 889 S.E.2d 394, 203 (Ga. Ct. App. 2023) ("Insurance policies are construed in favor of the insured and against the insurance company.").

4

*Fire Ins. Co.*, 405 S.E.2d 112, 114 (Ga. Ct. App. 1991). As Plaintiffs filed their case against ASI on September 4, 2025, it was "filed" within the requisite period.

Both federal and state courts in Georgia that have considered identical or similar contract language have reached the same conclusion. *See, e.g., Mattive v. Allstate Ins. Co.*, No. CIV. A. CV494-54, 1994 WL 676723, at *4 (S.D. Ga. Nov. 18, 1994) (considering nearly identical policy language and finding that "[t]o bring, or to have 'brought,' a case, simply means to *file the complaint*"); *Sanders v. Allstate Ins. Co.*, 428 S.E.2d 575, 576 (Ga. Ct. App. 1993) (interpreting an insurance policy that required "any suit or action [against the insurer] [to] be brought within one year after the date of loss" as turning on the date on which the complaint was filed); *Giles*, 405 S.E.2d at 114 ("[T]he clear and unambiguous meaning of the clause is that lawsuits brought against [the insurer] must be filed within one year of the date of loss or damage."); *see also Holmes v. Safeco Ins. Co. of Ind.*, No. 1:23-cv-665, 2023 WL 6194093, at *1 (N.D. Ga. July 25, 2023) ("Defendant urges this Court to find that a lawsuit is not 'started' unless service of process is effectuated. Georgia courts, however, interpret the term 'start' to mean the date a lawsuit is filed."); *Butler v. State Farm Fire & Cas. Co.*, No. 1:19-cv-4531, 2020 WL 3400181, *1 (N.D. Ga. Feb. 18, 2020) (concluding that the phrase "[t]he action must be started within one year after the date of loss or damage," requires that plaintiff "file suit within one year of the date of loss").

In support of its interpretation, ASI relies on cases that "involve statutory limitation periods rather than a contractual one." *Holmes*, 2023 WL 6194093, at *2. For example, ASI cites *Mote v. State Farm Mutual Automobile Insurance Company*, for the proposition that "the mere filing of a complaint does not commence a suit; instead the plaintiff must file the complaint and effect proper timely service as required by law." 916 S.E.2d 19, 21 (Ga. Ct. App. 2025); (*See* Doc. 5-1 at 5). *Mote*, however, considered whether the plaintiffs' delay in effecting service of their complaint barred their suit under the Georgia statute of limitations for personal injury actions. *See id.* In this case, by contrast, it is undisputed that Plaintiffs filed and served their original complaint well within the statute of limitations. *See, e.g., Jackson Nat'l Life Ins. Co. v. Crum*, No. 1:17-CV-03857-WMR, 2023 WL 6442932, at *10 (N.D. Ga. July 20, 2023) ("Under Georgia law, the six-year statute of limitations on insurance claims is based on a Georgia

5

statute limiting contract disputes to the same time frame."); O.C.G.A. § 9-3-24. *Mote* and the similar cases to which ASI cites are not relevant to interpreting the Policy's terms.

Plaintiffs filed their original complaint on September 4, 2025, less than one year after their Property was damaged. As such, Plaintiffs "filed" this case within the Policy's one-year suit limitation period. For that reason, and because ASI has not put forth any other arguments for dismissal, ASI's motion is due to be denied.[2]

## **CONCLUSION**

For the foregoing reasons, ASI's Motion to Dismiss (Doc. 5) is **DENIED**.

**SO ORDERED**, this 7th day of May 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] Because the Court concludes that the original complaint was properly brought within the suit limitation period, the Court need not address Plaintiffs' argument that ASI waived the contractual limitation provision and is therefore estopped from asserting it as a policy defense. (Doc. 9 at 7–9).